IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>FACILITY SOLUTIONS GROUP, INC.,<br><br>        Defendant. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil

action against Facility Solutions Group, Inc. ("FSGI" or "Defendant").

## THE PARTIES

1.      PIC is a Massachusetts corporation with a place of business at 467 Sagamore

Street, Hamilton, Massachusetts 01936.

2.      On information and belief, Defendant FSGI is a Delaware corporation having an

address at 4401 Westgate Blvd., Suite 310, Austin, Texas 78745.

## JURISDICTION AND VENUE

3.      This is a civil action for injunctive relief and damages for violation of the

copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright

Act, 17 U.S.C. §§ 1201, et seq.; and for unfair and deceptive trade practices in violation of Mass.

Gen. L. ch. 93A.  Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

4.      The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5.      FSGI does business in Massachusetts.

6.      FSGI operates a website (www.fsgi.com).

7.      FSGI's website is accessible from Massachusetts.

8.      Through its website, FSGI advertises, sells, and offers for sale lighting products to online visitors, including online visitors located in Massachusetts, and invites visitors to its website to create online accounts.

9.      FSGI does not exclude Massachusetts consumers from visiting, interacting with, or making purchases through its website.

10.      This Court has personal jurisdiction over FSGI because FSGI: has transacted business in Massachusetts; has contracted to supply products in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on FSGI's website (which can be accessed in Massachusetts) to advertise and sell products.

11.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

### PIC'S COPYRIGHTED IMAGES

12.      PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

13.      Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

14.      PIC authored the 190 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

15.     Each of the PIC Images is a photograph that PIC created of a Sylvania product.

16.     PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

17.     All of the PIC Images were made the subject of applications which matured into United States Copyright Registrations, specifically U.S. Copyright Registration Certificate Nos. VA 1-321-513; VA 1-325-168; VA 1-325-169; VA 1-359-243; VA 1-867-245; VA 1-880-539; VA 1-884-805; VA 1-902-485; VA 1-902-857; VA 1-916-021; VA 1-916-393; VA 1-916-400; VA 1-916-402; VA 1-916-404; VA 1-916-412; VA 1-916-415; VA 1-916-418; VA 1-916-428; VA 1-916-431; VA 1-916-443; VA 1-916-447; VA 1-916-448; VA 1-916-449; VA 1-916-450; VA 1-916-453; VA 1-916-456; VA 1-917-063; VA 1-917-073; VA 1-917-076; VA 1-917-078; VA 1-917-079; VA 1-917-085; VA 1-917-090; VA 1-917-094; VA 1-917-096; VA 1-917-100; VA 1-917-105; VA 1-945-512; VA 1-945-513; VA 1-945-517; VA 1-945-518; VA 1-948-048; VA 1-948-057; and VA 1-948-084 (attached as Exhibit B).

18.     FSGI's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

19.     Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.) and copyright notice (collectively, "PIC Copyright Management Information"), as shown in the examples below:



20.     PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

21.     For example, PIC provided to Sylvania the PIC Image entitled "CF_Covered_Product_Array_.jpg" with PIC Copyright Management Information attached or included therewith, as shown below.  This PIC Image was registered with the Copyright Office on March 21, 2013 (Reg. No. VA 1-917-063).



**PIC Image**

CF_Covered_Product_Array_.jpg

22.     Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

23.     For example, the same PIC Image as shown in paragraph 21 appears with the PIC Copyright Management Information on a webpage of Sylvania's website captured below.

**Sylvania's Copy of PIC Image with the PIC Copyright Management Information**



24.     When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

**FSGI'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

25.     At least 243 webpages from FSGI's website, www.fsgi.com (see Exhibit E), display a partial or whole copy of one of the PIC Images ("Accused Images").

26.     Each of the captured webpages in Exhibit E are owned and operated by FSGI.

27.     Each of the captured webpages in Exhibit E include an Accused Image.

28.     On information and belief, FSGI received or acquired the Accused Images from Trade Service Company, LLC ("Trade Service").

29.     On information and belief, FSGI provided and/or provides valuable consideration such as a fee to Trade Service for copies of the Accused Images.

30.     Trade Service possesses copies of images authored by PIC, including at least some of the PIC Images, with PIC Copyright Management Information attached, as shown in Exhibit F.

31.     For example, in the table below, the same PIC Image as shown in paragraph 21 is shown on the top left.  The image on the top right, which includes the PIC Copyright Management Information, appears on a webpage of Trade Service's website pictured in the second row.

| PIC Image | Trade Service's Copy of PIC Image with Copyright Management Information |
|---|---|
|  CF_Covered_Product_Array_.jpg |  |

https://images.tradeservice.com/FN0C1M1D6CHAS9O2/ATTACHMENTS/DIR100069/OOSRAME03790_1-4.pdf



32.     Each of the captured FSGI webpages in Exhibit E include an Accused Image without the PIC Copyright Management Information.

33.     For example, in the table below, the same PIC Image as shown in paragraph 21 is shown on the top left.  The image on the top right, without the PIC Copyright Management Information, appears on a webpage of Defendant's website pictured in the second row.

| PIC Image | Accused Image (FSGI's Infringing Copy) |
|---|---|
|  CF_Covered_Product_Array_.jpg | |



34.     Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Trade Service possesses PIC Images with the PIC Copyright Management Information, FSGI nevertheless displays PIC Images on FSGI's website without the PIC Copyright Management Information.

35.     On information and belief, FSGI removed PIC Copyright Management Information from at least some of the PIC Images.

36.     The captured webpages in Exhibit E include Accused Images that not only lack PIC Copyright Management Information but also include false Trade Service copyright management information (i.e., the "Trade Service" watermark) superimposed on the Accused Images, as shown in the example in the following table.



| PIC Image | FSGI's Infringing Copy |

The Trade Service watermark is shown below, enlarged and with the brightness and contrast of the image increased to improve the visibility of the watermark when printed on paper.

37.     As shown in the following table, the false Trade Service copyright management

information also appears on FSGI's copy of the PIC Image shown in paragraph 21 above.



38.     On information and belief, false Trade Service copyright management information likewise appears on every Accused Image in the captured webpages in Exhibit E.

39.     On information and belief, FSGI otherwise altered copies of the PIC images and used copies of the PIC images altered by Trade Service.  The PIC images were altered using image editing software, such as "Adobe Photoshop."  PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images, as indicated below, despite FSGI's and Trade Service's removal of

other products from the PIC Images or other attempts to change the PIC Images.  Vestiges of

these unique elements in the PIC Images are visible in multiple Accused Images, despite

unsuccessful attempts by FSGI and/or Trade Service to remove them.

40.     37 of the captured webpages in Exhibit E use Accused Images to advertise

products of companies other than Sylvania.

41.     For example, in the table below, the PIC Image on the top left was registered with

the Copyright Office on June 21, 2013 (Reg. No. VA 1-917-094).  The image on the top right is

used to advertise a non-Sylvania (i.e., Litetronics) product on the webpage of Defendant's

website pictured in the second row.  The image on the top right also lacks PIC Copyright

Management Information and includes false Trade Service copyright management information.



| PIC Image | Accused Image (FSGI's Infringing Copy) |
|---|---|

CF9EL_deco_cand copy.tif

| Our Item#: | L3058 |
|---|---|
| Manufacturer Name: | Litetronics |
| Manufacturer Part#: | 0 |
| Description: | L-14527G25 LitetronicsG25 14W CFL 2700K Med |
| Brand: | Litetronics |
| Units Per Case: | 24 |
| Unit Price: | 14.76 |

42.     PIC did not provide any PIC Images to FSGI.

43.     PIC did not provide the Accused Images to FSGI.

44.     On information and belief, Sylvania did not provide any PIC Images to FSGI.

45.     On information and belief, Sylvania did not provide the Accused Images to FSGI.

46.     PIC never authorized FSGI to use the Accused Images.

47.     On information and belief, Sylvania never authorized Trade Service to use the Accused Images.

48.     On information and belief, Sylvania never authorized FSGI to use the Accused Images.

49.     Sylvania never authorized FSGI to use Accused Images to advertise products of companies other than Sylvania.

50.     Sylvania never authorized Trade Service to use Accused Images to advertise products of companies other than Sylvania.

51.     Trade Service never authorized FSGI to use Accused Images to advertise products of companies other than Sylvania.

52.     Sylvania never authorized FSGI to use Accused Images without the PIC Copyright Management Information.

53.     Sylvania never authorized Trade Service to use Accused Images without the PIC Copyright Management Information.

54.     Trade Service never authorized FSGI to use Accused Images without the PIC Copyright Management Information.

55.     Sylvania never authorized Trade Service to use Accused Images with false copyright management information superimposed on the Accused Images.

56.     Trade Service never authorized FSGI to use Accused Images with false copyright management information superimposed on the Accused Images.

57.     Sylvania never authorized FSGI to use Accused Images with false copyright management information superimposed on Accused Images.

58.     FSGI has copied, distributed, and/or used—and continues to copy, distribute, and/or use—the Accused Images, at least on its website, to advertise and sell products.

59.     FSGI has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

60.     FSGI has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so without the PIC Copyright Management Information, to do so with false copyright management information attached, or to advertise non-Sylvania products.

## DAMAGE TO PIC'S BUSINESS AND REPUTATION

61.     PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

62.     For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services.  Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography.  PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

63.     PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

64.     PIC is not affiliated with FSGI or Trade Service and has not approved any of FSGI's or Trade Service's use of or alterations to PIC Images.

65.     By removing the PIC Marks and Copyright Management Information from the PIC Images, FSGI and/or Trade Service has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

66.     By distributing PIC Images with false Trade Service copyright management information, FSGI has created a likelihood that consumers will mistakenly believe that Trade Service created the PIC Images.  The application of false Trade Service copyright management information misleadingly represents to the world that Trade Service– and not PIC – is the author, source, and copyright owner of the PIC Images displayed on FSGI's website.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

67.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

68.     FSGI has infringed PIC's copyrights in the PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

69.     FSGI's infringement has been knowing and willful.

70.     FSGI's infringement has damaged PIC in an amount to be proven at trial.

71.     Unless stopped by an injunction, FSGI will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

72.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

73.     On information and belief, FSGI has intentionally removed or altered PIC Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the PIC Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

74.     On information and belief, FSGI's violation of 17 U.S.C. § 1202 has been knowing and willful.

75.     FSGI's violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be proven at trial.

76.     Unless stopped by an injunction, FSGI's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

77.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

78.     FSGI is, and at all relevant times has been, engaged in commerce.

79.     FSGI's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

80.     FSGI's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

81.     FSGI's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

82.     FSGI's acts and/or omissions as described above were knowing and willful.

83.     FSGI's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

84.     Unless stopped by an injunction, FSGI's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A.     Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B.     Enter judgment that FSGI has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C.     Permanently enjoin FSGI, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D.     Order the recall, impounding, and destruction of all infringing copies made, used or distributed by FSGI in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E.      Direct FSGI to pay to PIC its actual damages and any additional profits realized by FSGI, pursuant to 17 U.S.C. § 504.

F.      Order that, in the alternative to actual copyright damages, at PIC's election, FSGI shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G.      Enter judgment that FSGI has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H.      Permanently enjoin FSGI, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I.      Order the impounding of all devices or products in the custody or control of FSGI that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J.      Direct FSGI to pay to PIC its actual damages and any additional profits realized by FSGI, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K.      Order that, in the alternative to actual damages, at PIC's election, FSGI shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L.      Enter judgment that FSGI has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. Ch. 93A.

M.      Direct FSGI to pay to PIC its damages sustained as a result of FSGI's unfair and deceptive trade practices.

N.      Permanently enjoin FSGI, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with

them, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. Ch. 93A.

O.     Enter judgment that FSGI's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P.     Enter judgment that FSGI's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

Q.     Order FSGI to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

R.     Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

S.     Award PIC treble damages pursuant to Mass. Gen. L. Ch. 93A or other applicable law.

T.     Award PIC such further relief as this Court may deem just and proper.

## **JURY DEMAND**

PIC hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,


Dated:  August 13, 2015                    */s/ Michael N. Rader*                    
                                           Michael N. Rader, BBO # 646990
                                           mrader@wolfgreenfield.com
                                           Turhan F. Sarwar, BBO # 686764
                                           tsarwar@wolfgreenfield.com
                                           Joshua J. Miller, BBO # 685101
                                           jmiller@wolfgreenfield.com
                                           WOLF, GREENFIELD & SACKS, P.C.
                                           600 Atlantic Ave.
                                           Boston, MA 02210
                                           Tel:  (617) 646-8000
                                           Fax: (617) 646-8646